**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| Viral DRM, LLC, | § § § | |
| Plaintiff, | § § | Case No: |
| v. | § § § | |
| Hearst Communications, Inc., d/b/a | § | JURY TRIAL DEMAND |
| Chron f/k/a The Houston Chronicle | § § | |
| Defendant. | § § | |

## COMPLAINT

Plaintiff Viral DRM, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Hearst Communications, Inc. d/b/a Chron f/k/a The Houston Chronicle ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1.      This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2.      Ronald Brian Emfinger ("*Emfinger*") created a video of a tornado hitting Elgin, Texas (the "*Video*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3.      Defendant owns and operates a website at www.chron.com (the "*Website*").

4.      The Website terms and conditions states: "Each time you access or use the Newspaper Services, you agree to be bound by the Terms of Use along with our Privacy Notice and any additional guidelines, terms, procedures or rules that may apply to a specific feature of the Newspaper Services that are owned or operated by Chron, a publication of Hearst Newspapers, LLC or its affiliates ("we", "us", "our" or "Hearst")." (See https://www.chron.com/terms/).

5.      Chron advertises itself as "an essential digital-first local news source serving more than 6 million unique readers a month in Houston and the surrounding region, including Galveston

1

and the Gulf Coast. Once the digital home for the Houston Chronicle, Chron became its own distinctive site and newsroom in 2012, when HoustonChronicle.com launched. Focusing on stories that capture local culture and spark conversation, Chron covers trending sports, food and entertainment, travel, local TV personalities, real estate, space and more. Chron.com has become the go-to destination for metro and regional readers who are curious about what's new in Houston and what's affecting culture and life in the Bayou City." (See https://www.hearst.com/chron).

6.      Defendant owns and operates a social media account on Facebook known as "@chroncom" ("*Account 1*").

7.      Defendant owns and operates a social media account on Instagram known as "@chron_com" ("*Account 2*").

8.      Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Video on the Website as well as the Accounts (hereinafter the social media platforms set forth above are referred to collectively as the "*Accounts*") and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

9.      Viral DRM, LLC is a Mississippi limited liability company and maintains its principal place of business in Hinds County, Mississippi.

10.     Upon information and belief, defendant Hearst Communications, Inc., is a Delaware corporation with a place of business at 4747 Southwest Freeway, Houston, Texas 77027.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

12.     This Court has personal jurisdiction over Defendant because it maintains its place of business in Texas.

13.     This Court has personal jurisdiction over Hearst Communications, Inc. under the applicable long-arm jurisdictional statute of Texas because while Hearst Communications, Inc. maintains its principal place of business in New York, it purposely directs substantial activities at

the residents of Texas by means of the Website.

14.     Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

**A.      Plaintiff's Copyright Ownership**

15.     Plaintiff is a professional videography company which is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

16.     Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

17.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

18.     Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

19.     On March 21, 2022, Emfinger first published the Video. A copy of a screengrab of the Video is attached hereto as Exhibit 1.

20.     Emfinger published the Video by commercially licensing it to numerous third-party media companies for the purpose of display and/or public distribution.

21.     In creating the Video, Emfinger personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording and made each and every artistic determination necessary for the creation of the work.

22.     On April 22, 2022, the Video was registered by the USCO under Registration No. PA 2-354-516.

23.     Emfinger created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

24.     On March 21, 2022, Michael Brandon Clement ("*Clement*") and Brett Adair

3

("*Adair*") acquired the rights in and to the Video from Emfinger by way of written assignment.

25.    Thereinafter, on May 17, 2022, Plaintiff acquired the rights in and to the Video from Clement and Adair by way of written assignment.

**B.    Defendant's Infringing Activity**

26.    Defendant is the registered owner of the Website and is responsible for its content.

27.    Defendant is the operator of the Website and is responsible for its content.

28.    The Website is a key component of Defendant's popular and lucrative commercial enterprise.

29.    The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

30.    The Website is monetized in that it offers paid subscription services to the public and, on information and belief, Defendant profits from these activities.

31.    Defendant is the registered owner of the Accounts and is responsible for their content.

32.    Defendant is the operator of the Accounts and is responsible for their content.

33.    The Accounts are part of and used to advance Defendant's commercial enterprise.

34.    Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

35.    Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

36.    Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

37.    Without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Video on the Website as well as the Accounts at URLs:

4

- https://www.chron.com/news/houston-texas/article/A-North-Texas-dealership-new-truck-tornado-teen-17028503.php ("*Infringements 1-2*");

- https://www.chron.com/search/?action=search&firstRequest=1&searchindex=solr &query=Teen+from+viral+tornado+dealership+to+get+new+truck+from+North+ Texas+dealership ("*Infringement 3*");

- https://www.facebook.com/chroncom/posts/10160915197117814 ("*Infringement 4*");

- https://www.facebook.com/chroncom/posts/10160915472132814 ("*Infringement 5*");

- https://www.facebook.com/chroncom/posts/10160920210857814 ("*Infringement 6*");

- https://www.instagram.com/p/CbiiSO8F-FP/ ("*Infringement 7*"); and

- https://www.instagram.com/reel/CbjEUKJA3Oo/ ("*Infringement 8*").

Copies of screengrabs depicting the Infringements attached hereto collectively as <u>Exhibit 2</u>.

38.    A screengrab of the Video was intentionally and volitionally copied and stored by Defendant at URL: https://s.hdnux.com/photos/01/24/64/57/22236123/4/ratio16x9_960.webp.

39.    The Infringements are copies of Plaintiff's original video recording that were directly copied and displayed on the Website as well as the Accounts by Defendant.

40.    Plaintiff first observed the Infringements on October 28, 2024.

41.    Upon information and belief, the Video was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video.

42.    The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

43.    Upon information and belief, Defendant takes an active and pervasive role in the content posted on the Website as well as the Accounts, including, but not limited to copying, posting, selecting, commenting on, and displaying video recordings including but not limited to

Plaintiff's Video.

44.    Upon information and belief, the Video was willfully and volitionally posted to the Website as well as the Accounts by Defendant.

45.    Upon information and belief, Defendant is a sophisticated media company which owns a comprehensive portfolio of digital marketing platforms and has advanced operational and strategic expertise in the media industry where copyright is prevalent.

46.    Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their articles have been properly licensed.

47.    Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

48.    Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

49.    Upon information and belief, a number of copyright lawsuits have been filed against Defendant highlighting a pattern of habitual infringement and suggesting Defendant has either failed to rectify systemic issues leading to these infringements or is willfully neglecting copyright laws.

50.    Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

51.    Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

52.     Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website as well as the Accounts.

53.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on the Website as well as the Accounts and exercised and/or had the right and ability to exercise such right.

54.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

55.     Upon information and belief, the Infringements increased traffic to the Website as well as the Accounts and, in turn, caused Defendant to realize an increase in its business revenues and/or subscription sales.

56.     Upon information and belief, a large number of people have viewed the unlawful copies of the Video on the Website as the Accounts.

57.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

58.     Defendant's use of the Video harmed the actual market for the Video.

59.     Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

60.     On November 21, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

61.     Thereafter, on December 23, 2024, Plaintiff, via counsel, served a follow up letter seeking to address said complaints directly with Defendant in attempt to avoid litigation.

62.     Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

63.     Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature

of its conduct.

64.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

65.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

66.     The Video is an original, creative work in which Plaintiff owns a valid copyright.

67.     The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

68.     Plaintiff has not granted Defendant a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

69.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

70.     Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement.

71.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority.

72.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

73.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in

its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

74.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

75.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Video by copying and displaying it without a license or consent;

b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.    for pre-judgment interest as permitted by law; and

f.    for any other relief the Court deems just and proper.

DATED: March 14, 2025

**SANDERS LAW GROUP**

By: ___*/s/ Craig Sanders*___
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 131090

*Attorneys for Plaintiff*

10